Michelle Ghidotti-Gonsalves, Esq., SBN 36337
GHIDOTTI BERGER, LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
mghidotti@ghidottiberger.com

Attorney for Defendant,
CARVANA LLC

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

TACOMA

| | |
|---|---|
| IN RE: | CASE NO.: 19-43712-BDL |
| | ADV. CASE NO.: 20-04014-BDL |
| TIMOTHY and KAREN SEVERSON, | |
| | CHAPTER 7 |
| Debtors. | |
| | ANSWER OF DEFENDANT CARVANA LLC TO PLAINTIFFS' ADVERSARY COMPLAINT |
| KATHRYN A. ELLIS, AS TRUSTEE FOR THE ESTATE OF TIMOTHY AND KAREN SEVERSON | |
| Plaintiffs, | |
| vs. | |
| CARVANA LLC, | |
| Defendants. | |

TO THE HONORABLE BRIAN D LYNCH, UNITED STATES BANKRUPTCY JUDGE, DEBTORS AND THEIR COUNSEL OF RECORD, KATHRYN A ELLIS, AS TRUSTEE FOR THE ESTATE OF TIMOTHY AND KAREN SEVERSON, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

Defendant Carvana LLC, ("Defendant" or "Carvana") hereby answers Plaintiff's Complaint to Recover Post-Petition Avoidable Transfer ("Complaint") and alleges as follows:

# ANSWERS

## I. PARTIES AND JURISDICTION

1. As to paragraph 1, Defendant Admits that Debtors Timothy DeWayne Severson and Karen Johanna Severson filed the main Chapter 7 bankruptcy case on November 20, 2019 and that Kathryn A. Ellis is the duly appointed and acting Chapter 7 Trustee of such estate.

2. As to paragraph 2, Defendant Admits.

3. As to paragraph 3, Defendant Admits that that the current Chapter 7 case is pending with this Court. Defendant Admits venue is proper and that is a Core Proceeding.

## II. FACTS

4. As to Paragraph 4, Defendant admits that on or about November 12, 2019, Debtor, Timothy DeWayne Severson executed a Retail Installment Contract and Security Instrument in favor of Defendant in the original principal amount of $14,097.85 ("Contract"). The debt described by the Contract is secured by the 2018 Ford Fiesta bearing the VIN: 3FADP4BJ9JM112407 ("Property" or "Vehicle"). Defendant Admits that on or about November 19, 2019, the vehicle was delivered to the Debtor. Defendants Admits only that the Washington State Department of Licensing issued the Registration Certificate on December 27, 2019.

5. As to Paragraph 5, Defendant lacks sufficient knowledge of the truth or falsity of the allegations stated therein and, therefore, denies the same to the extent necessary.

6. As to Paragraph 6, Defendant Admits only that on or about November 12, 2019, Debtor, Timothy DeWayne Severson executed a Retail Installment Contract and Security Instrument in favor of Defendant in the original principal amount of $14,097.85 and that Washington State Department of Licensing issued the Registration Certificate on December 27, 2019.

7. As to paragraph 7, Defendant objects as the allegation is vague and ambiguous. Without waiving said objections, Defendant lacks sufficient knowledge of the truth

or falsity of the allegations stated therein and, therefore, denies the same to the extent necessary.

8. As to paragraph 8, Defendant Admits to receiving correspondence on or about January 02, 2020. Counsel for Defendant has been in contact with Trustee's counsel to possibly resolve the adversary complaint with a settlement and will continue negotiate with Trustee. Trustee granted a one week extension for Defendant to file this Answer and is thus filing the Answer to protect its interest.

9. As to paragraph 9, Defendant objects as the allegation is vague and ambiguous. Without waiving said objections, Defendant lacks sufficient knowledge of the truth or falsity of the allegations stated therein and, therefore, denies the same to the extent necessary.

10. As to paragraph 10, Defendant Denies.

11. As to paragraph 11, Defendant Denies.

**FIRST AFFIRMATIVE DEFENSE**

**(Request for Judgement in the amount Underlying Loan is Improper)**

Defendant is informed and believed that Plaintiff's request for Judgement in the amount of $14,097.85 is improper and unsupported. The Trustee is requesting Judgement against the Defendant in the amount of $14,097.85, which is the amount of the underlying loan. Defendant would argue that to the extent the Court orders that the transfer is avoided, Trustee's recovery is limited to the fair market value of the vehicle on petition date. See *In Re Haberman* (US BAP for the Tenth Circuit 2006) 347 B.R. 411 – the Court determined that the value of the Bank's secured claim prior to avoidance was the value of the collateral, not the value of the debt The Court relied upon on *Morris v. Vulcan Chemical Credit Union* (In re Rubia), 257 B.R. 324 (Bankr. 10th Cir.), the court found that the lien preserved for the bankruptcy estate was worth the lesser of the amount the debtors' owed on the petition date or the car's value on that date.

Since the car was worth less than what the debtors owed, the court ruled that the trustee was allowed to recover only the car's value as of the petition date. See also *In Re Taylor,* (US Court of Appeals, Ninth Circuit 2010) 599 F.3d 880 – holding that the bankruptcy court abused its discretion in determining that the value of the security interest was the full value of the secured loan.

In order to determine the value of the Property at time of the petition, Defendant would need to obtain official valuation from their auction team and additional information on the vehicle for any mechanical issues.

## SECOND AFFIRMATIVE DEFENSE
### (Security Interest was created Pre-petition)

Defendant is informed and believes and thereon alleges that Plaintiff's request that Pursuant to 11 U.S.C. § 550 (a), Plaintiff is entitled to avoid the transfer of the security interest in the property above referenced from the Debtor to Defendant and that the Transfer of a security interest in the vehicle above referenced was not authorized under this title or by this Court is improper and unsupported. Bankruptcy Code Section 549 provides that a Trustee may avoid a transfer of property of the estate that occurs after the commencement of the case and that is not authorized by the Court. Under the Bankruptcy Code, a "security interest" is a lien created by an agreement. 11 U.S.C.A. § 101(51). The original Retail Installment Contract and Security Agreement were executed on November 12, 2019, which was prior to the bankruptcy case filing and thus Defendant did not obtain Court permission or authorization.

## THIRD AFFIRMATIVE DEFENSE
### (Debtor's Intention to Reaffirm the Debt and Retain Vehicle)

Defendant is informed and believes and thereon alleges that Plaintiff's Complaint should be dismissed as the Debtor's have confirmed their intention to reaffirm the Debt and Retain the Vehicle. Debtors Timothy DeWayne Severson and Karen Johanna Severson filed the main

Chapter 7 bankruptcy case on November 20, 2019. On or about February 19, 2020, Debtor and Carvana entered into a Reaffirmation Agreement, which as filed with the Court on February 20, 2020. The Trustee did not file a response or oppose the parties filed Reaffirmation Agreement.

### FOURTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant is informed and believes and thereon alleges that Defendant have at all times acted reasonably, in good faith, without malice and justifiably at all material times herein based on all the relevant facts and circumstances known by them at the time they so acted, without any intent to cause, or unreasonably disregard potentially deleterious consequences to Plaintiff, and accordingly, Plaintiff is barred from any recovery and/or relief as against Defendant.

### FIFTH AFFIRMATIVE DEFENSE
### (Right to Add Additional Affirmative Defenses)

Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendants therefore reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable.

### CONCLUSION

WHEREFORE, having answered Plaintiff's Complaint, Defendant requests the following relief:

a. That plaintiff's Complaint against Defendant be dismissed;

b. That to the extent the Court orders that the transfer is avoided, Plaintiff's recovery is limited to the fair market value of the vehicle on petition date;

c. That Defendant be granted such other and further relief as the Court may deem just and proper.

Defendant reserves the right to supplement or amend this answer as may be appropriate upon the conduct of further research and discovery.

Dated: April 20, 2020  GHIDOTTI BERGER, LLP

/s/ Michelle Ghidotti-Gonsalves
Michelle Ghidotti-Gonsalves, Esq.
Counsel for Defendant

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON, TACOMA

| | |
|---|---|
| In re: | **CHAPTER 13 BANKRUPTCY** |
| TIMOTHY and KAREN SEVERSON, | **CASE NO.: 19-43712-BDL** |
| Debtor. | **ADV. CASE NO.: 20-04014-BDL** |
| | CERTIFICATE OF SERVICE |
| KATHRYN A. ELLIS, AS TRUSTEE FOR THE ESTATE OF TIIMOTHY AND KAREN SEVERSON | |
| Plaintiffs, | |
| vs. | |
| CARVANA LLC, | |
| Defendants. | |

I, Jeremy Romero, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business is 1920 Old Tustin Avenue, Santa Ana, CA 92705.

On *April 20, 2020*, I served the foregoing document(s) described as;

///

///

Certificate of Service
Page 1

**GHIDOTTI BERGER LLP**
**MICHELLE R. GHIDOTTI-GONSALVES**
**1920 OLD TUSTIN AVENUE**
**SANTA ANA, CA 92705**
**TELEPHONE (949) 427-2010**

1 • **ANSWER OF DEFENDANT CARVANA LLC TO PLAINTIFFS'**
2 **ADVERSARY COMPLAINT;**
3
4 The above listed document(s) were served on the interested parties in this action as follows;
5 *via US Mail:*
6
7 <u>Plaintiff's Counsel</u>
  Kathryn A Ellis
8 Attorney at Law
  5506 6th Ave S, Suite 207
9 Seattle, WA 98108
10
11
12
13 Dated: April 20, 2020
14
15 /s/Jeremy Romero
   Jeremy Romero

Certificate of Service
Page 2
Case 20-04014-BDL    Doc 3    Filed 04/20/20    Ent. 04/20/20 15:27:32    Pg. 8 of 8

**GHIDOTTI BERGER LLP**
**MICHELLE R. GHIDOTTI-GONSALVES**
**1920 OLD TUSTIN AVENUE**
**SANTA ANA, CA 92705**
**TELEPHONE (949) 427-2010**